CITY OF TERRE HAUTE v. EVANSVILLE & T. H. R. CO. et al.

(Circuit Court, D. Indiana. February 13, 1901.)

No. 9,688.

**1. REMOVAL OF CAUSE TO FEDERAL COURT—SUBJECT-MATTER.**

2 Burns' Rev. St. 1894, § 3629 et seq., prescribes the various steps for appropriating real estate for opening a street, commencing with a reference by the common council to the city commissioners of the question of expediency of the appropriation, and making their determination of that question, when approved by the common council, conclusive, and providing that approval by the common council of the report of the commissioners as to benefits and damages shall be a final judgment with respect thereto, from which appeal may be taken to the circuit or superior court of the county, on which appeal may be considered only the questions of the regularity of the proceedings and the amount of benefits or damages, but as to these, "issues of law and of fact may be formed, tried, and determined as in other actions at law." *Held*, that such appeal is not a mere proceeding for condemnation, but presents, so far as the subject-matter is concerned, an action at law, properly cognizable in a federal court, and therefore removable there if the other jurisdictional requisites exist.

**2. SAME—ORIGIN OF CAUSE.**

That the state law requires the questions of law and fact involved in a case to be brought into a court of the state by appeal, instead of by summons or other process, does not affect the question of right to have the case removed to a federal court.

**3. SAME—DIVERSITY OF CITIZENSHIP—PREJUDICE.**

Under Judiciary Act 1887–88, § 2, a cause may be removed from a state to a federal court for prejudice or local influence only where there is a diversity of citizenship between the parties, the right of removal being limited to suits of which the federal court is given original jurisdiction by the preceding section, and such diversity of citizenship being there required for such original jurisdiction.[1]

At Law.

Smith & Korbly, Peter M. Foley, and McNutt & McNutt, for plaintiff.

Iglehart & Taylor, Davis, Reynolds & Davis, and Lamb & Beasley, for defendants.

BAKER, District Judge. This was a proceeding begun by the city of Terre Haute, Ind., before the city commissioners of that city, under a statute of this state, to appropriate a right of way for a street over and across the tracks and yard of the Evansville & Terre Haute Railroad Company located in that city. The Farmers' Loan & Trust Company was the trustee under a trust deed covering the entire railroad property of the Evansville & Terre Haute Railroad Company to secure bonds in the amount of about $6,000,000 outstanding in the hands of bona fide holders. Such proceedings were had before the city commissioners and the common council as that Ohio street, in said city, was ordered to be extended across the tracks and yard of the railroad, and the sum of $20,000 was awarded by the commissioners as the damages which would be occasioned to the defendants by the extension of said street across said tracks and yard. Thereafter, in pur-

[1] Removal for prejudice or local influence, see note to P. Schwenk & Co. v. Strang, 8 C. C. A. 95.

suance of the statute of the state, each of the defendants, feeling itself aggrieved by the proceedings had by and before the city commissioners and the common council, filed its appeal bond, and each perfected an appeal to the circuit court of Vigo county, Ind., from the proceedings and award of said city commissioners, and the confirmation thereof by the common council of the city of Terre Haute. Thereafter, pursuant to the statute of this state, an affidavit was duly filed on behalf of the defendants for a change of venue from the circuit court of Vigo county, Ind. On consideration thereof the circuit court of Vigo county changed the venue of said cause to the circuit court of Parke county, Ind. While said appeal was pending in the last-named court, and before the trial thereof, the Farmers' Loan & Trust Company, one of the defendants, filed its petition in this court for the removal of said cause on the ground of prejudice and local influence which would prevent the defendants from receiving justice in the last-named court, or in any other court of the state to which said cause might, under the laws of the state, be removed. The petition for removal was sustained, and the cause removed into this court. A motion is now made by the plaintiff, the city of Terre Haute, to remand the cause to the Parke circuit court on the ground that the cause is not removable, under the judiciary act of 1887–88, from the state court into this court. Among other reasons assigned why the cause is not removable are that the plaintiff and the defendant railroad company are each citizens of the state of Indiana; that the petition for removal was filed by the Farmers' Loan & Trust Company alone, and that the railroad company did not join therein; also that the action or suit was not one of which the circuit courts of the United States are given original jurisdiction by the judiciary act of 1887–88. On the last point the contention is that no action or suit is removable from a state court into a circuit court of the United States on the ground of prejudice or local influence, unless the action or suit is one which might have been originally brought in a circuit court of the United States; and it is strenuously insisted that this appeal is a mere proceeding for condemnation, and is not an action at law, or a suit in equity, of which this court can take jurisdiction.

The various steps by which real estate may be appropriated for the opening of a public highway or street are prescribed in section 3629 et seq., 2 Burns' Rev. St. 1894. The first step requires the common council to refer the question of the expediency of the appropriation to the city commissioners, who are required to examine the matter, and to determine upon the expediency of appropriating the land, and, if the commissioners determine that such appropriation is expedient, they shall report their decision to the common council; and if the common council, by a two-thirds vote, approve of it, the determination becomes conclusive of the propriety of appropriating the land, and from that determination of the city commissioners and common council no appeal will lie. After the city commissioners and common council have determined to appropriate the land for a highway or street, it is then made the duty of the common council to refer the matter back to the city commissioners for the purpose of ascertaining who will be affected injuriously or beneficially by the appropriation

of the land for the street or highway, and to report the names of the persons so affected, with a description of each lot or parcel of land to be affected, and the amount of benefits or damages to each parcel of land occasioned by such appropriation.   After the city commissioners have completed their work, it is their duty to report it to the common council; and if the common council, by a two-thirds vote, shall approve the report of benefits and damages, their determination becomes a final judgment as to such benefits and damages.   An appeal may be taken from such judgment and determination within 30 days thereafter by any person who conceives himself aggrieved to the circuit or superior court of the county.   On such appeal no question can be raised as to the propriety of the appropriation and condemnation of the land.   The only questions that may be considered on appeal are limited to the regularity of the proceedings and the questions of benefits or damages.   The statute provides as follows:

"Section 3643: "If any person, having an interest in the lands affected by such proceedings, shall deem himself aggrieved thereby, he may appeal to any court of general jurisdiction in the county, within thirty days after the confirmation of said report by the council.   In such case, the person asking the appeal must designate the court to which he appeals, and file a bond within thirty days from the confirmation of said report, conditioned for the payment of all damages and costs which may accrue by reason of such appeal should he not prosecute such appeal to effect.   Upon such appeal, the regularity of the proceedings of the commissioners, and the questions as to the amount of benefits or damages assessed may be tried; but such appeal shall not prevent such city from proceeding with the proposed appropriation, nor from making the proposed change or improvement.   *   *   *   After filing the said transcript (and of which filing the appellant shall notify the attorney of the city, in writing), the appellant shall, in writing, state specifically the grounds of his objection to the proceedings of the common council and commissioners; and no other questions shall be tried or heard, except such as are with certainty to a common intent presented by the aforesaid written statement filed by such appellant.   *   *   *   The transcript of the proceedings of the common council and commissioners shall be considered as the complaint; and the written statement, to be filed by the appellant as aforesaid, shall be in the nature of an answer or demurrer.   Issues of law and of fact may be formed, tried and determined as in other actions at law."

This review of the statute discloses that the determination of the city commissioners and the common council conclusively settle all questions touching the propriety of the appropriation of the land for a street or highway.   That question is open to no further litigation. It is not the subject-matter of appeal to, nor is it open to review by, any court of general jurisdiction in the state.   The contention of counsel for the city that the appeal taken to the state court constitutes a mere condemnation proceeding is unfounded.   The right of eminent domain is an attribute of the sovereign power of the state, to be exercised by the legislature of the state, or by some other tribunal invested with legislative power over that subject.   Whether this sovereign power shall be exercised in a particular case is purely a legislative question.   It does not fall within the domain of the judicial department of the state to determine upon the propriety of exercising the right of eminent domain in any particular case.   Hence the legislature rightfully committed this question to the exclusive determination of the city commissioners and common council of the city

of Terre Haute. The only subjects committed to the determination of the court on an appeal are questions of law and fact. "Issues of law and of fact may be formed, tried, and determined as in other actions at law." It is thus seen that the subject-matter brought into the state court differs in no essential particular from an ordinary action at law, of which the circuit courts of the United States are given original cognizance if the other jurisdictional requisites exist. It is, therefore, manifest that every question involved on this appeal is purely judicial in its character, and that the appeal presents, so far as subject-matter is concerned, an action at law properly cognizable in a circuit court of the United States. Nor does the fact that the law of the state requires the questions of law and fact involved in the case to be brought into a court of the state by appeal, instead of by summons or other process, affect the defendant's right of removal. The method of procedure by which a suit is brought or instituted in a court of the state is merely formal and modal, and in no wise affects the right of removal if in other respects the defendant possesses that right. In re The Jarnecke Ditch (C. C.) 69 Fed. 161, 163. The subject-matter of this action is properly cognizable in a court of the United States, and the fact that it is required to be brought or instituted in a state court by appeal, instead of by summons or other process, is unimportant.

But, in order to give a circuit court of the United States jurisdiction, it is not enough to show that the subject-matter is of a nature cognizable by it, but other facts must be shown to exist before original jurisdiction of an appropriate subject-matter may be entertained. The matter in dispute must exceed the sum or value of $2,000, exclusive of interest and costs. In the present case the amount or value is sufficient to give this court jurisdiction. Also, in the present case, diversity of citizenship must be shown to exist between the parties plaintiff and defendant. All the parties plaintiff must be citizens of a different state from that of which each of the defendants is a citizen, in order to give a circuit court of the United States original jurisdiction. In this case the plaintiff and the defendant the Evansville & Terre Haute Railroad Company are each citizens of the state of Indiana, and the Farmers' Loan & Trust Company is a citizen of the state of New York. Hence this court could not have taken original cognizance of the case for want of the requisite diversity of citizenship between the plaintiff and the defendants. It is contended, however, that a court of the United States may, on removal for prejudice or local influence, take cognizance of a suit of which, for want of the requisite diversity of citizenship, it could not have taken and entertained original jurisdiction. It is not apparent why the circuit courts of the United States should be given jurisdiction on removal for such cause in cases where original jurisdiction has been denied. The first section of the judiciary act of 1887–88 in actions like the present expressly requires that the amount in dispute shall exceed $2,000, exclusive of interest and costs, and that there shall be a controversy between citizens of different states. The second section limits the right of removal on account of prejudice and local influence to suits of which the circuit courts are given original jurisdiction by the

first section. In construing the second section in a case of removal on the ground of prejudice and local influence, the supreme court in Re Pennsylvania Co., 137 U. S. 451, 11 Sup. Ct. 141, 34 L. Ed. 738, decided that the clause authorizing removal on the ground of prejudice and local influence requires that there should exist the diversity of citizenship and the amount in dispute specified in the first section. The first two clauses of section 2 expressly limit the right of removal to suits of which the circuit courts of the United States are given original jurisdiction by section 1. The third clause of section 2 limits the right of removal for the causes mentioned therein to "suits mentioned in this section," which the supreme court say "evidently means the first two clauses of the section, and, of course, is limited to causes" of which the circuit courts of the United States are given jurisdiction by the preceding section. "The fourth clause [the one in question] describes only a special case comprised in the preceding clauses. The initial words 'and where' are equivalent to the phrase 'and where in any such case.' In effect, they are tantamount to the beginning words of the third clause, namely, 'and where in any suit mentioned in this section.' " The foregoing case thus distinctly holds that a suit cannot be removed on the ground of prejudice or local influence unless it is one of which the courts of the United States are given original jurisdiction by the first section.

In Tennessee v. Union & Planters' Bank, 152 U. S. 454, 461, 462, 14 Sup. Ct. 654, 656, 38 L. Ed. 511, 514, it is held that the rule of construction theretofore applied to section 1 of the act of 1875 applies more comprehensively to the acts of 1887-88. The court there say:

"In section 1, as thereby amended, the words giving original cognizance to the circuit courts of the United States in this class of cases are the same as in the act of 1875, except that the jurisdictional amount is fixed at two thousand dollars; and it is, therefore, essential to their jurisdiction that the plaintiff's declaration or bill should show that he asserts a right under the constitution or laws of the United States. But the corresponding clause in section 2 allows removals from a state court to be made only by defendants, and of suits 'of which the circuit courts of the United States are given original jurisdiction by the preceding section,' thus limiting the jurisdiction of a circuit court of the United States on removal by the defendant, under this section, to such suits as might have been brought in that court by the plaintiff under the first section."

In Railroad Co. v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672, it is held that under section 2 of the act of March 3, 1887, as amended by the act of August 13, 1888 (25 Stat. 433), the jurisdiction of a circuit court of the United States on removal by the defendant of an action in the state court is limited to such suits as might have been brought in that court under the first section. It is further held that the question of jurisdiction cannot be waived. The court say, at page 208, 157 U. S., page 565, 15 Sup. Ct., and page 675, 39 L. Ed.:

"We must hold, therefore, as has, indeed, already been ruled (Tennessee v. Union & Planters' Bank, 152 U. S. 454, 461, 14 Sup. Ct. 654, 38 L. Ed. 511), that the jurisdiction of the circuit courts on removal by the defendant under this section [section 2] is limited to such suits as might have been brought in that court by the plaintiff under the first section."

While the subject-matter of the present appeal presents a cause of action which might have been originally brought in a circuit court of the United States, still it is shown on the face of the record that it is not a suit in which the plaintiff and each of the defendants are citizens of different states. It is a suit of which, for want of the requisite diversity of citizenship, this court could not have taken original cognizance, and therefore it cannot acquire jurisdiction of it by removal on the ground of prejudice or local influence. For these reasons the cause must be remanded to the circuit court of Parke county, Ind., and it is so ordered.