**Senator Bill KEITH, et al.**

v.

**LOUISIANA DEPARTMENT OF EDUCATION, et al.**

Civ. A. No. 81-989-B.

United States District Court, M.D. Louisiana.

Dec. 20, 1982.

---

William J. Guste, Jr., Atty. Gen. State of La., Patricia Bowers, Asst. Atty. Gen., A. Morgan Brian, Jr., Sp. Asst. Atty. Gen., Wendell Bird, Thomas T. Anderson, Pro Hoc Vice, Baton Rouge, La., for plaintiffs.

John DiGiulio, Baton Rouge, La., for Bd. of Elementary and Secondary Educ.

Samuel I. Rosenberg, New Orleans, La., for Orleans Parish School Bd.

David Hamilton, Baton Rouge, La., for Louisiana Dept. of Educ. and Dr. J. Kelly Nix, Superintendent of Educ.

POLOZOLA, District Judge:

The issue presented in this case is whether the Court has jurisdiction under 28 U.S.C. § 1331 or 28 U.S.C. § 1332 to entertain plaintiffs' suit which seeks a declaratory judgment declaring the Louisiana Balanced Treatment Act, LSA–R.S. 17:286.1 et seq., to be constitutional. The Court finds that the Court does not have jurisdiction under § 1331 or § 1332. Therefore, plaintiffs' suit must be dismissed.[1]

This suit was filed on behalf of the plaintiffs by the Attorney General for the State of Louisiana pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. Plaintiffs contend that jurisdiction is conferred upon the Court under 28 U.S.C. § 1331 and 28 U.S.C. § 1332. Plaintiffs seek a declaratory judgment that the Louisiana Balanced Treatment Act is constitutional. The plaintiffs are state legislators, an organization of "science professionals", a Texas corporation, university professors, public school teachers and students, parents of students, and Louisiana taxpayers. Named as defendants in the original complaint were the Louisiana Department of Education, J. Kelly Nix, Superintendent of Education, the State of Louisiana Board of Elementary and Secondary Education (BESE), and individual members of the BESE Board. Prior to any responsive pleadings being filed, the plaintiffs filed their first amended complaint which added additional parties as plaintiffs. Thereafter, a second amended complaint was filed which added the Orleans Parish School Board (Orleans) and the St. Tammany Parish School Board as defendants.[2] This matter is now before the Court on the motion sought to dismiss the Orleans Parish School Board as a defendant. After the Orleans Parish School Board filed an opposition to the dismissal, the Court denied plaintiffs' motion to dismiss the Orleans Parish School Board as a defendant.

---

1. On June 28, 1982, the Court issued an order dismissing plaintiffs' suit. The order indicated that the Court would assign written reasons at a later date. This opinion sets forth the Court's written reasons for dismissing plaintiffs' suit.

2. The St. Tammany Parish School Board was later dismissed as a defendant. Plaintiffs

of the Orleans Parish School Board to dismiss this suit for lack of subject matter jurisdiction.

The Louisiana Balanced Treatment Act requires, *inter alia,* that public schools "give balanced treatment to creation-science and to evolution-science"[3] in classroom lectures, textbooks, library materials and educational programs when either theory is presented to students. The Act[4] also requires local school boards, assisted by seven "creation scientists" appointed by the Governor, to develop and to provide to their teachers curriculum guides on the presentation of "creation-science".

Plaintiffs contend that the defendants have refused to implement the Balanced Treatment Act which plaintiffs allege is constitutional under the Establishment Clause of the First Amendment and enhances academic freedom. Plaintiffs further argue that the Act does not violate the Fourteenth Amendment. In response to plaintiffs' complaint, the defendants contend that the Act is unconstitutional because it constitutes an Establishment of Religion in violation of the First and Fourteenth Amendments to the United States Constitution. Defendants also argue that the Act abridges the academic freedom of both teachers and students, is vague, and violates the Louisiana Constitution because the Legislature usurped the power of BESE to determine the curriculum to be taught in the public schools in Louisiana.

■ A careful analysis of the pleadings in this case reveals that the issue raised in this suit involves a dispute between state and parish officials and agencies over a state law passed by the Louisiana Legislature which requires a certain school subject to be taught to school children in the public schools in Louisiana. Such a dispute fails to raise a federal question which should be decided by a federal court. The issue raised herein must and should be resolved by the Louisiana state courts. To bring a case under 28 U.S.C. § 1331, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First National Bank in Meridian,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936).

■ It is well settled that in order to determine whether an action "arises under" federal law, the Court must look exclusively to the allegations of the complaint. *State of Tennessee v. Union & Planter's Bank,* 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511 (1894); *Louisville & Nashville Railroad Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *Gully v. First National Bank in Meridian,* supra. The existence of a federal question must be raised in a well pleaded complaint unaided by any anticipated defense. *State of Tennessee v. Union & Planter's Bank,* supra; *Louisville & Nashville Railroad Co. v. Mottley,* supra; *Gully v. First National Bank in Meridian,* supra.[5]

---

3. LSA–R.S. 17:286.4(A)

4. LSA–R.S. 17:286.7

5. In its decisions, the United States Supreme Court has clearly stated that the language in the complaint and not the answer determines whether the federal court has federal jurisdiction. Thus, in *State of Tennessee v. Union & Planters Bank,* supra, the Court stated:

"But the right of the plaintiff to sue cannot depend on the defense which the defendant may choose to set up. His right to sue is anterior to that defense, and must depend on the state of things when the action is brought. 14 S.Ct. at 656

* * * * * *

...; and by the settled law of this Court as appears from the decisions above cited, a suggestion of one party that the other will or

may set up a claim under the Constitution or laws of the United States does not make the suit one arising under that Constitution or those laws." 14 S.Ct. at 657

In *Gully v. First National Bank in Meridian,* supra, the Supreme Court noted:

"A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto ... and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal... Indeed the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense." 299 U.S. at 113, 57 S.Ct. at 97–98

See, also: *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); *Phillips Petroleum Co. v. Texaco, Inc.,*

■ The complaint filed by the plaintiffs in this case fails to raise a federal question. The fact that plaintiffs seek a Declaratory Judgment does not provide the jurisdictional basis for the Court to have jurisdiction in this case.[6] The "operation of the Declaratory Judgment Act is procedural only." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,* 300 U.S. 227, 240, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937). The Declaratory Judgment Act "enlarged the remedies available in federal courts but did not extend their jurisdiction." *Skelly Oil Co. v. Phillips Petroleum Co.,* supra, 70 S.Ct. at 879. Thus, when a declaratory judgment is filed in federal court, an independent basis of federal jurisdiction is required. No such independent basis of federal jurisdiction exists in this case. However, the plaintiffs seek to rely on a rule which was set forth in a Harvard Law Review Article which provides that "a declaratory action seeking to test a defense is triable in the federal courts provided this defense would normally arise in answer to a complaint which itself would properly raise a federal question."[7] The so-called "reversed role" rule has been applied in patent cases and in other cases.[8] The Supreme Court also relied upon the Harvard Law Review Note in *Public Service Commission v. Wycoff Co.,* 344 U.S. 237, 248 n. 6, 73 S.Ct. 236, 242, n. 6, 97 L.Ed. 291 (1952). Although the facts of that case revealed that jurisdiction was lacking, the Court adopted the Note's test, stating:

In this case, as in many actions for declaratory judgment, the realistic position of the parties is reversed. The plaintiff is seeking to establish a defense against a cause of action which the declaratory defendant may assert in the Utah courts. Respondent here has sought to ward off possible action of the petitioners by seeking a declaratory judgment to the effect that he will have a good defense when and if that cause of action is asserted. Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court. If the cause of action, which the declaratory defendant threatens to assert, does not itself involve a claim under federal law, it is doubtful if a federal court may entertain an action for a declaratory judgment establishing a defense to that claim. 344 U.S. at 248, 73 S.Ct. at 242

The rationale behind the above rule is to allow a party "who would otherwise be a defendant to obtain a declaration of his rights prior to the commencement of coercive proceedings against him ..." but the rule "was not intended to expand the jurisdiction of the federal courts." *Atcheson, Topeka & Santa Fe Ry. Co. v. Gold Bond-*

.415 U.S. 125, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974).

**6.** 28 U.S.C. § 2201 provides:
   In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1954 or a proceeding under section 505 or 1146 of title 11, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

**7.** Developments in the Law—Declaratory Judgments—1941–1949, 62 Harv.L.Rev. 787, 803 (1949).

**8.** See, *Edward Katzinger Co. v. Chicago Metallic Mfg. Co.,* 329 U.S. 394, 67 S.Ct. 416, 91 L.Ed. 374 (1947); *E. Edelmann & Co. v. Triple-A Specialty Co.,* 88 F.2d 852 (7 Cir.1937); *Jewell Ridge Cool Corp. v. Local No. 6167 U.M.W.,* 325 U.S. 161, 65 S.Ct. 1063, 89 L.Ed. 1534 (1945); *Hanes Corp. v. Millard,* 531 F.2d 585 (D.C.Cir.1976); *Home Federal S. & L. Ass'n. v. Ins. Dept. of Iowa,* 571 F.2d 423 (8 Cir.1978); *Components, Inc. v. Western Electric Co.,* 318 F.Supp. 959 (D.Maine 1970); *First National Bank of Shawnee Mission v. Roeland State Park B. & T. Co.,* 357 F.Supp. 708 (D.Kansas 1973); *Warner-Jenkinson Co. v. Allied Chemical Corp.,* 567 F.2d 184 (2 Cir.1977).

*holders,* 506 F.Supp. 449, 452 (D.Del.1981).[9] Thus the court "must employ conventional coercive actions as a reference point from which to determine whether federal jurisdiction in a declaratory suit is proper ... and declaratory plaintiffs possess no greater leverage in invoking federal jurisdiction than they possessed prior to the" passage of the Declaratory Judgment Act. Id., 506 F.Supp. at 452. The so-called "reverse role" doctrine set forth above does not apply herein under the facts of this case. The defendants herein could not have asserted a coercive action contesting the constitutionality of the Balanced Treatment Act and sought injunctive relief against these plaintiffs who are parents, taxpayers, legislators [10] and private corporations. Neither the Governor nor the Attorney General are named as plaintiffs in this action.[11] Since the plaintiffs have chosen not to add the Governor or the Attorney General as plaintiffs, the Court finds that the federal question asserted by the defendants arises only as a defense to plaintiffs' attempt to enforce a state law. Therefore, the Court lacks federal jurisdiction.[12] *Tennessee v. Union & Planters Bank,* supra; *Louisville & Nashville Railroad Co. v. Mottley,* supra; *Gully v. First National Bank in Meridian,* supra. Because of the manner in which the complaint was drawn in this case, there is simply no need for this federal court to

inject itself into a dispute between the Louisiana Legislature, the Attorney General, the Superintendent of Education, the Board of Elementary and Secondary Education, and the Orleans Parish School Board over the curriculum to be taught in the public school system of Louisiana. Federal courts should be courts of limited jurisdiction. For this Court to waive the jurisdictional limitation imposed on it by the Constitution and Statutes of the United States because of artful pleading on the part of the plaintiffs would only serve as an invitation to flood the federal courts with suits involving state laws which should be handled by the state courts. Such was the warning set forth by the United States Supreme Court in *Skelly Oil Co. v. Phillips Petroleum Co.,* supra, wherein the Court stated:

> To be observant of these restrictions is not to indulge in formalism or sterile technicality. It would turn into the federal courts a vast current of litigation indubitably arising under State law, in the sense that the right to be vindicated was State-created, if a suit for a declaration of rights could be brought into the federal courts merely because an anticipated defense derived from federal law. Not only would this unduly swell the volume of litigation in the District Courts but it would also embarrass those

---

**9.** See, also: *E. Edelman & Co. v. Triple-A Specialty Co.,* supra at 854, wherein the court stated:

> It was the congressional intent [in enacting the Declaratory Judgment Act] to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to bring suit, after damage had accrued. *But the controversy is the same as previously.* [Emphasis added]

**10.** The legislators may be entitled to rely on legislative immunity as the plaintiff herein has urged in response to discovery requests. However, the Court need not decide this issue at this time.

**11.** Both the Governor and the Attorney General were named as defendants in a suit filed in the United States District Court for the Eastern District of Louisiana entitled *Aguillard v. Treen,* No. 81–4787. This suit was filed pursuant to 42 U.S.C. § 1983 and seeks to enjoin the

Governor and Attorney General from enforcing the Act. The United States District Court found the Balanced Treatment Act to be unconstitutional because it violated provisions of the Louisiana Constitution. (Opinion of United States District Judge Adrian Duplantier, November 22, 1982.)

**12.** The contention by the plaintiffs that cases such as *Coleman v. Miller,* 307 U.S. 433, 59 S.Ct. 972, 83 L.Ed. 1385 (1939) and *Kennedy v. Sampson,* 511 F.2d 430 (D.C.Cir.1974) give them standing to bring this action does not change this result. The fact that a plaintiff has the standing to assert a claim does not mean that his complaint is one arising under federal law. In each of the various cases cited by the plaintiffs on standing, the federal question was properly raised in the complaint and its existence did not depend on whether the particular plaintiffs had sufficient interests to assert that federal claim.

courts—and this Court on potential review—in that matters of local law may often be involved, and the District Courts may either have to decide doubtful questions of State law or hold cases pending disposition of such State issues by State courts. To sanction suits for declaratory relief as within the jurisdiction of the District Courts merely because, as in this case, artful pleading anticipates a defense based on federal law would contravene the whole trend of jurisdictional legislation by Congress, disregard the effective functioning of the federal judicial system and distort the limited procedural purpose of the Declaratory Judgment Act. 70 S.Ct. at 880.

Plaintiffs also contend that the Court has diversity jurisdiction under 28 U.S.C. § 1332. However, it is clear that complete diversity between the plaintiffs and defendants does not exist in this case. *Strawbridge v. Curtiss,* 3 Cranch (7 U.S.) 267, 2 L.Ed. 435 (1806).

Since the matter in controversy as to which plaintiffs asked for a declaratory judgment is not one that "arises under" the Constitution and laws of the United States and there is no diversity jurisdiction present in this case, plaintiffs' suit must and shall be dismissed with prejudice at plaintiffs' cost.

Therefore, the motion of the Orleans Parish School Board to dismiss shall be GRANTED.

Judgment shall be entered accordingly.