**NATIONAL AMERICAN INSURANCE COMPANY**

v.

**ADVANTAGE CONTRACT SERVICES, INC.**

No. CIV.A. 01–3615.

United States District Court, E.D. Louisiana.

April 22, 2002.

Richard Anthony Weigand, Weigand & Levenson, New Orleans, LA, for plaintiff.

Philip Allen Spence, Philip A. Spence, LLC, Houma, LA, for defendant.

## ORDER AND REASONS

FALLON, District Judge.

Before the Court is the motion of Advantage Contract Services, Inc. for remand of Civil Action No. 02–343 to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana. For the reasons set forth below, the motion to remand is GRANTED. Accordingly, Civil Action No. 02–343 captioned *LeBlanc & Associates, Inc. v. Advantage Contract Services, Inc.* is REMANDED to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana.

### I. BACKGROUND

This case has its genesis in the allegedly harmful sandblasting operations conducted by Advantage Contract Services, Inc. (hereinafter "Advantage") at its facility in Houma, Louisiana. On April 22, 1997, LeBlanc & Associates, Inc. ("LeBlanc") filed suit against Advantage in the district court for the Parish of Terrebonne seeking damages and injunctive relief. National American Insurance Company ("NAICO") was Advantage's insurer under a liability insurance policy, and on this basis Advantage claims that NAICO is bound to provide a defense to the claims brought against it. NAICO disputes that it owes such a duty under the circumstances of this case.

On December 3, 2001, NAICO filed a complaint for declaratory judgment with this Court wherein NAICO seeks a declaration that it is not bound to provide a defense nor to pay claims presented by Advantage for any damages owed to LeBlanc. The declaratory judgment action does not seek coercive relief.

On January 11, 2002, the state judge granted Advantage leave to file a third-party demand against NAICO regarding the insurance coverage dispute. The state court also continued without date the trial

of the underlying claim against Advantage, which was originally set for January 14, 2002, so that both the principal and the third-party claims might be litigated together.

On December 21, 2001, defendant Advantage filed a motion to stay and/or dismiss the declaratory judgment action so that the issue of insurance coverage might be litigated in the parallel state court proceeding. In Order and Reasons dated March 11, 2002, this Court granted Advantage's motion and stayed the declaratory action.

Meanwhile on February 7, 2002 NAICO removed the third-party demand filed by Advantage in state court. NAICO maintains that it seeks removal of the third-party claim only. NAICO suggests that removal of the third-party contract claim is proper under 28 U.S.C. § 1441(c) as the third-party claim is "separate and independent" of the tort-based principal claim. In support of removal, NAICO relies on the Fifth Circuit decision in *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir.1980) which held that a third-party claim defendant may remove the entire action if the third-party claim could have been removed had it been sued upon alone. It is undisputed that there is no claim in the instant action that involves an issue of federal law.

## II. ANALYSIS

Prior to the enactment of the Judicial Improvement Act of 1990 (Pub.L.101–650), 28 U.S.C. § 1441(c) provided:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all

matters not otherwise within its original jurisdiction.

In *Carl Heck Engineers, Inc., supra*, the Fifth Circuit considered whether a third-party defendant had a right to remove a controversy under Section 1441(c). *Id.* at 135. The court held that a third-party defendant did have such a right under Section 1441(c) if the "third party complaint states a separate and independent claim which if sued upon alone could have been brought properly in federal court...." *Id.* at 136.

Since the enactment of the Judicial Improvement Act of 1990, the essential holding of *Carl Heck Engineers, Inc.* has not changed, and a third party defendant may still avail itself of the right to remove an action under Section 1441(c). However, in the wake of the 1990 amendment, what has changed are the circumstances under which an action may be removed under Section 1441(c). Section 1441(c) now provides:

> Whenever a separate and independent claim or cause of action *within the jurisdiction conferred by section 1331 of this title* is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates. (emphasis added)

According to the Comments to the 1990 Revision of Section 1441, "before the 1990 amendment it did not make any difference what category of subject matter jurisdiction was occupied by the claim that offered the removal basis." However, following the 1990 amendment, the "diversity case may no longer invoke removal under [Section 1441(c) ]; only the federal question claim...will support a [Section 1441(c) ] removal." Indeed, this appears evident from the clear language of the Section

1441(c) as amended. Nevertheless, relying on two post-amendment decisions by the Fifth Circuit which cited to *Carl Heck Engineers, Inc.* approvingly, NAICO contends that despite the amendment to Section 1441(c), *Carl Heck Engineers, Inc.* still justifies removal of a claim by a third party defendant when the basis of removal is diversity jurisdiction.

NAICO's interpretation of these cases is erroneous. In *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320 (5th Cir.1998) and in *Texas v. Walker*, 142 F.3d 813 (5th Cir.1998), the court did in fact allow removal by a third party defendant and also by a counterclaim defendant under Section 1441(c). However, in each of these cases the existence of federal question jurisdiction over a separate and independent claim provided the basis of removal under Section 1441(c). As mentioned above, removal of an entire case based on the existence of federal question subject matter jurisdiction over a separate and independent was recognized both before and after the 1990 amendment to Section 1441(c). The cases cited by NAICO do not support its contention that *Carl Heck Engineers, Inc.* allows removal under Section 1441(c) based on diversity jurisdiction.

### III. CONCLUSION

For the foregoing reasons, the motion of Advantage Contract Services, Inc. for remand of Civil Action No. 02–343 to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana is GRANTED. Accordingly, Civil Action No. 02–343 captioned *LeBlanc & Associates, Inc. v. Advantage Contract Services, Inc.* is hereby REMANDED to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana.