Charles BURNS,[1] et al., Plaintiffs,

v.

WESTERN SOUTHERN LIFE INSURANCE COMPANY, et al., Defendants.

Nos. CIV.A. 3:03–0748, CIV.A. 3:03–0751 to 3:03–0817.

United States District Court, S.D. West Virginia. Huntington Division.

Jan. 27, 2004.

---

1. The new lead Plaintiff for this group of cases results from further investigation occurring subsequent to removal. The *Burns* group, formerly the *Pullen* group, is now recast as set forth in the style. This group of cases consists of West Virginia Plaintiffs having no contact with the individual-agent Defendants. The parties have advised the Court, however, three members of the *Pullen* group, including group lead Plaintiff Rita Pullen, may have had such contacts, however. Accordingly, the undersigned **TRANSFERS** the following three cases to the *Bowles* group, assigned to the Honorable John T. Copenhaver, Jr.: (1) *Pullen v. Western–Southern Life Insurance Co.*, 3:03–0747; (2) *Bays v. Western–Southern Life Insurance Co.*, 3:03–0749; and *Cotton v. Western–Southern Life Insurance Co.*, 3:03–0750.

Matthew L. Clark, Bradley H. Layne, Kayser Layne & Clark, Point Pleasant, WV, Jay Aughtman, Beasley Allen Crow Methvin Portis & Miles, Montgomery, AL, for Plaintiffs.

Thomas R. Goodwin, Carrie Goodwin Fenwick, Goodwin & Goodwin, Charleston, WV, Joseph R. Miller, Kimberly Weber Herlihy, F. James Foley, Vorys Sater Seymour & Pease, Columbus, OH, for Defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

Pending are Plaintiffs' motions to remand. The Court **DENIES** the motions.

## I. FACTUAL BACKGROUND

The Court **ADOPTS** and **INCORPORATES** herein the factual background section contained in *Grennell v. Western Southern Life Insurance Co.,* 298 F.Supp.2d 390, 2004 WL 50869 (S.D.W.Va. 2004).

The *Burns* group consists of West Virginia residents who indisputedly had no contact with the individual Defendants. Comparatively, the more numerous *Grennell* Plaintiffs consist of non-West Virginia and non-Ohio residents who lacked contact with the individual Defendants. Like the *Grennell* group, subject matter jurisdiction based on diversity of citizenship obtains over the *Burns* group only if (1) the *Burns* group Plaintiffs were procedurally misjoined with diversity-destroying fellow Plaintiffs in state court, and (2) the individual Defendants, all West Virginia residents, were fraudulently joined.

## II. DISCUSSION

### A. Fraudulent Joinder of Plaintiffs

■ The Court adopts Judge Chambers' fine analysis and holding in *Grennell* that the fraudulent joinder doctrine applies both to plaintiffs and defendants. *Id.* 2004 WL 50869 at 8, 298 F.Supp.2d at 396. Whether described as (1) "fraudulent joinder of plaintiffs," *id.* 2004 WL 50869 at 7, 298 F.Supp.2d at 396, (2) "procedural misjoinder," *Johnson v. Glaxo Smith Kline,* 214 F.R.D. 416, 420 (S.D.Miss.2002), or (3) "fraudulent misjoinder," *Smith v. Nationwide Mut. Ins. Co.,* 286 F.Supp.2d 777, 781 (S.D.Miss.2003), it is apparent "[a] new concept ... appears to be part of the doctrine of fraudulent joinder [and] has begun to emerge in the case law ...." 14B Charles Alan Wright, *Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure* § 3723 (3rd ed.2003); *see also* Robert A. Weems, *Mississippi Law of Torts* § 21:3 (2003).

> Some commentators have noted:
>
> Procedural misjoinder may represent a third type of fraudulent joinder, the others being the lack of any possibility of the plaintiff having a claim against a joined party and outright fraud by the plaintiff in the statement of jurisdictional facts. The three hold the promise of providing strong protection for the defendant's statutory right of removal.

Wright, *Miller & Cooper, supra* § 3723. The emerging authorities responsible for

this recent variant of the fraudulent joinder doctrine opine a court may disregard the citizenship of certain parties, on either side of the adversarial divide, whose claims lack a common transactional and legal or factual identity in default of *Rule* 20, *Federal Rules of Civil Procedure.* The undersigned joins in the adoption of the procedural misjoinder doctrine for this district, and holds it is applicable to both plaintiffs and defendants.

In the Court's estimation, Judge Chambers has also very soundly chosen not to follow that line of authority injecting an "egregiousness" element into the procedural misjoinder inquiry as a required finding. As noted by some commentators, that approach would add a very subjective and troublesome element of complexity to an already knotty calculus:

> Conversely, the fraudulent-joinder doctrine and its allied jurisprudence adds a further level of complexity—and additional litigation—to a federal court's decision regarding removal jurisdiction. *The complexity is increased if the Eleventh Circuit's admonition that not all procedural misjoinder rises to the level of fraudulent joinder is accepted and because numerous additional decisions will be needed to clarify the distinction.*

*Id.* (emphasis added). Perhaps the best reason for Judge Chambers' approach is its consistency with our Court of Appeals' very direct, juridical approach to jurisdictional disputes, especially in the area of fraudulent joinder. As former Chief Judge Wilkinson opined, "Jurisdictional rules direct judicial traffic. They function to steer litigation to the proper forum *with a minimum of preliminary fuss.*" *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 425 (4th Cir.1999)(emphasis added). Adding what would be in essence a state-of-mind element to the procedural misjoinder inquiry would overly complicate what should be a straightforward jurisdictional examination. In this district, the "egregious" nature of the misjoinder is not relevant to the analysis.

■ Turning to the analysis of whether the Plaintiffs' claims were misjoined, the Court again concurs with and adopts Judge Chambers' analysis. The *Burns* group, like the *Grennell* group, "do not allege common misrepresentations made directly by Western–Southern. Instead, they claim that they were separately induced by individual insurance agents to purchase the product." *Grennell,* 2004 WL 50869, at 12, 298 F.Supp.2d at 398: Put another way, although Plaintiffs "have a claim arising under the same area of law against a common defendant, the facts that form the bases for [the] claims are unique to each plaintiff." *Id.* at 13, 298 F.Supp.2d at 399. For this and other reasons, there is no significant identity between the Plaintiffs or their claims from a transactional, factual, or legal standpoint. Accordingly, the requirements of *Rule* 20(a), *Federal Rules of Civil Procedure,* are not satisfied and procedural misjoinder is manifest.

**B. Fraudulent Joinder of Defendants**

The next inquiry is whether the individual Defendants, all West Virginia residents, were fraudulently joined. As in *Grennell,* Defendants have submitted undisputed evidence the *Burns* Plaintiffs had no contact with any of the individual, diversity-destroying Defendants. The Court further agrees with Judge Chambers, in the alternative, that Plaintiffs failed to allege fraud with particularity against the individual Defendants. In light of both considerations, the *Burns* group Plaintiffs have shown no possibility of a right to relief against the individual Defendants.

Accordingly, the claims against the individual Defendants are **DISMISSED.**

The foregoing rulings result in a significant realignment of the parties as initially represented by the omnibus complaint. In sum, no member of the *Burns* group of Plaintiffs are residents of the same state as the remaining Defendant, Western Southern Life Insurance Company. Accordingly, the parties presented in this group are completely diverse and, as evidenced by Plaintiffs silence on the issue, the amount in controversy exceeds $75,000.00 *See Athena Automotive Inc. v. DiGregorio,* 166 F.3d 288, 290 (4th Cir. 1999). The Court is vested with valid removal jurisdiction pursuant to 28 U.S.C. § 1441(a). The motion to remand as it relates to the *Burns* Plaintiffs is **DENIED.**

The Clerk is directed to make the realignment reflected in the style and ordered herein and to send a copy of this Memorandum Opinion and Order to counsel of record and to the Honorable David A. Faber, Chief Judge, the Honorable John T. Copenhaver, District Judge, and the Honorable Robert C. Chambers, District Judge. This Memorandum Opinion is published on the Court's website at www.wvsd.uscourts.gov.