CROSS COUNTRY BANK and Applied. Card Systems, Inc., Plaintiffs/Counterclaim Defendants,

v.

Darrell V. MCGRAW, Jr., Attorney General of the State of West Virginia Defendant/Counterclaim Plaintiff,

v.

Rocco A. Abessinio, individually and as an Officer of Cross Country Bank and Applied Card Systems, Inc., Third–Party Defendant.

No. CIV.A.2:04–0306.

United States District Court,
S.D. West Virginia,
Charleston Division.

June 15, 2004.

Charles M. Love, III, P. Michael Pleska, Fazal A. Shere, Bowles Rice McDavid Graff & Love Charleston, WV, Alan S. Kaplinsky, Jeremy T. Rosenblum, Martin C. Bryce, Jr., Ballard Spahr Andrews &

Ingersoll, Philadelphia, PA, for Plaintiffs, Counter–Defendants and Third–Party Defendant.

Troy N. Giatras, Giatras & Webb, Norman Googel, Jill L. Miles, Sr. Asst. Atty. Gen. Office of Attorney General, Consumer Protection/Antitrust Division, Anthony J. Majestro, Powell & Majestro, Charleston, WV, Gregory A. Hewitt, Hamilton Burgess Young & Pollard, Fayetteville, WV, for Defendant, Counter–Claimant and Third–Party Plaintiff.

### ORDER

CHAMBERS, District Judge.

Pending is Defendant Attorney General Darrel V. McGraw's motion to remand. For the reasons set forth herein, the motion is **GRANTED**.

### I. Factual and Procedural History

On March 2, 2004, Plaintiffs Cross Country Bank ("Cross Country") and Applied Card Systems, Inc. ("ACS") filed a complaint in the Circuit Court of Kanawha County, West Virginia, against Defendant Darrell V. McGraw, Jr., in his official capacity as Attorney General of the State of West Virginia. According to the complaint, Attorney General McGraw had retained private counsel for the purposes of investigating and ultimately bringing a civil suit against Cross Country and ACS for alleged violations of the West Virginia Consumer Credit and Protection Act ("the WVCCPA"). Cross Country and ACS sought declaratory and injunctive relief based on their assertion that under West Virginia statutory and constitutional law, the Attorney General lacks authority to retain or authorize payment of compensation to private counsel absent legislative authority to do so.

On March 17, 2004, Attorney General McGraw responded to the complaint by filing a counterclaim against Cross Country and ACS and a third party complaint against Rocco Abessinio, who Attorney General McGraw alleged was the chief executive officer and alter ego of both Cross Country and ACS. The Attorney General alleged that Cross Country, ACS, and Abessinio engaged in a host of predatory lending practices that violated the WVCCPA "on a scale rarely seen." The counterclaim and third party complaint (which were filed as one document) expressly disclaimed the pursuit of any remedies under federal law. On March 30, 2004, Cross Country, ACS, and Abessinio (collectively, "the removing parties") joined in a notice of removal. They assert that removal is proper because some of the claims raised by the Attorney General are completely preempted by the Federal Deposit Insurance Act. The Attorney General has filed a timely motion to remand, arguing that this Court lacks subject matter jurisdiction over the instant controversy.

### II. Analysis

The Attorney General premises his motion on several grounds. He argues that the removing parties have improperly recast the Attorney General's counterclaim as challenging the legality of the terms upon which credit is extended to consumers (a claim that might be subject to complete preemption) rather than as one challenging the marketing and disclosure of those terms (a claim that is not preempted); that even if some claims are preempted, those claims would be subject to immediate dismissal, rendering the exercise of supplemental jurisdiction over the remaining state law claims inappropriate; that the Eleventh Amendment bars the removal of a lawsuit in which a State is a party; and that the removal statute, 28 U.S.C. § 1441, does not permit a plaintiff or third-party defendant to remove a case. The Court concludes that the Attorney General's final point is correct, thereby render-

ing unnecessary resolution of his remaining contentions.

The propriety of removal by a third-party defendant who asserts that a court has federal question jurisdiction over issues raised in a third-party complaint actually raises two, discrete issues. The first goes to subject matter jurisdiction: can a federal claim in a third-party complaint form the basis of subject matter jurisdiction?[1] The second goes to removal procedure: assuming that jurisdiction exists, can a third-party defendant remove a case to federal court? Though no clear guidance has emerged from either Fourth Circuit or Supreme Court jurisprudence,[2] this Court finds that in such a situation, jurisdiction is lacking.

■ Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life. Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) ("Federal courts ... possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."); *Turner v. Bank of N.*

*Am.,* 4 U.S. (4 Dall.) 8, 11, 1 L.Ed. 718 (1799) ("[T]he fair presumption is (not as with regard to a Court of general jurisdiction, that a cause is within its jurisdiction unless the contrary appears, but rather) that a cause is without its jurisdiction till the contrary appears."). Through the Judiciary Act of 1875, now codified as 28 U.S.C. § 1331, Congress conferred upon the federal judiciary original jurisdiction over those "cases arising under the Constitution, laws, or treaties of the United States."[3] Although the grant of jurisdiction in § 1331 is made in language identical to that used in Article III of the Constitution, the Supreme Court has consistently stated that the jurisdiction granted by § 1331 is not in all respects coextensive with the potential for federal jurisdiction found in Article III. *See, e.g., Verlinden B.V. v. Central Bank of Nigeria,* 461 U.S. 480, 494–95, 103 S.Ct. 1962, 76 L.Ed.2d 81 (1983). Instead, federal courts must determine whether a case satisfies the "arising under" requirement of § 1331 through application of the "well-pleaded complaint

---

**1.** Although Cross Country, ACS, and Abessinio are all citizens of states other than West Virginia, they do not-and could not-assert that diversity jurisdiction is appropriate in this case. This is because "a State is not a citizen ... and it is well settled that a suit between a State and a citizen or corporation of another State is not between citizens of different States." *Postal Tel. Cable Co. v. Alabama,* 155 U.S. 482, 487, 15 S.Ct. 192, 39 L.Ed. 231 (1894).

**2.** The dearth of appellate cases on this topic can hardly be considered surprising. Under 28 U.S.C. § 1447(d), district court opinions remanding cases to state court due to the presence of a procedural defect in removal or the lack of subject matter jurisdiction are ordinarily immune from appellate review. *See, e.g., Borneman v. United States,* 213 F.3d 819, 824–25 (4th Cir.2000).

**3.** The federal courts' removal jurisdiction-which is the subject of the instant case-is coextensive with its original jurisdiction, *see*

28 U.S.C. § 1441(a), although under the 1875 Act, "removal jurisdiction ... extended to claims that could not have been brought in federal courts originally." Bradford Gram Swing, *Federal Common Law Power to Remand a Properly Removed Case,* 136 U. PA. L. REV. 583, 610 (1987). Under the 1875 Act, a case could be removed to federal court "by either party ... [if] the record at the time of the removal showed that either party claimed a right under the Constitution or laws of the United States," even though the courts' original jurisdiction was limited to those instances in which a federal question was presented in the plaintiff's complaint. *Tennessee v. Union & Planters' Bank,* 152 U.S. 454, 460–61, 14 S.Ct. 654, 38 L.Ed. 511 (1894). With the Judiciary Act of 1887, however, Congress limited federal courts' removal jurisdiction to the extent of their original jurisdiction. *See id.* at 461–62, 14 S.Ct. 654.

rule," which as articulated nearly a century ago states:

> [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States. Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution.

*Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Since *Mottley,* the well-pleaded complaint rule has been interpreted by the Court as dependent on the nature of the claim raised by the plaintiff; this is true whether the case was filed in a federal district court originally or was removed from a state court. *See, e.g., Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) ("Under our interpretations, Congress has given the lower courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."); *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 672, 70 S.Ct. 876, 94 L.Ed. 1194 (1950) ("The plaintiff's claim itself must present a federal question unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose."). In recent years, the Court has consistently displayed a narrow view of the scope of the federal courts' federal question jurisdiction. *See, e.g., Merrell Dow Pharms. v. Thompson,* 478 U.S. 804, 817, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (concluding that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States' ").

The Supreme Court's most recent application of the well-pleaded complaint rule, *Holmes Group, Inc. v. Vornado Air Circulation Sys.,* 535 U.S. 826, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002), makes clear that if the Attorney General had merely filed a counterclaim against Cross Country and ACS, removal jurisdiction would be lacking.[4] In that case, the Holmes Group filed an action against Vornado seeking a declaratory judgment that its products did not infringe on the latter's trade dress. *Id.* at 828, 122 S.Ct. 1889. Vornado's answer included a compulsory counterclaim alleging patent infringement. After the district court ruled in the Holmes Group's favor, Vornado appealed to the Federal Circuit Court of Appeals. *Id.* at 829, 122 S.Ct. 1889. After holding that its exclusive jurisdiction over the appeal from any final judgment entered in a case "arising under any Act of Congress relating to patents"[5] extended to those appeals in which the patent claim appeared in a de-

---

4. *Sadeghian v. City of Aubrey,* 2001 WL 215931 (N.D.Tex. March 1, 2001), which is relied upon by the removing parties and which permitted removal by a plaintiff asserting only claims under state law after a nondiverse defendant asserted a counterclaim arising under federal law, was decided before *Holmes Group* and is therefore without persuasive value.

5. 28 U.S.C. §§ 1295(a)(1), 1338(a).

fendant's answer, the Federal Circuit vacated the district court's decision. The Holmes Group appealed, arguing that the Federal Circuit lacked jurisdiction over the case. Justice Scalia, writing for the Court, began the jurisdictional analysis by noting that 28 U.S.C. § 1338(a), which defines the scope of the Federal Circuit's jurisdiction, uses language identical to that in 28 U.S.C. § 1331. *Id.* Thus, determining the extent of the Federal Circuit's jurisdiction rested on an examination of the same well-pleaded complaint rule that limits the original and removal jurisdiction of district courts. *Id.* at 830 n. 2, 122 S.Ct. 1889. In concluding that the presence of a patent counterclaim could not form the basis of Federal Circuit jurisdiction, the Court held:

> Allowing a counterclaim to establish "arising under" jurisdiction would ... contravene the longstanding policies underlying our precedents. First, since the plaintiff is the "master of the complaint," the well-pleaded-complaint rule enables him, "by eschewing claims based on federal law, ... to have the case heard in state court." The rule proposed by respondent, in contrast, would leave acceptance or rejection of a state forum to the master of the counterclaim. It would allow a defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal concern. Second, conferring this power upon the defendant would radically expand the class of removable cases, contrary to the "due regard for the rightful independence of state governments" that our cases addressing removal require. And finally, allowing responsive pleadings by the defendant to establish "arising under" jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a "quick rule

of thumb" for resolving jurisdictional conflicts.

*Id.* at 831–32, 122 S.Ct. 1889 (citations omitted). In the wake of *Holmes Group*, then, there can be no serious contention that the basis for federal subject matter jurisdiction can ordinarily be contained in a defendant's counterclaim.

■ Resolution of the instant case, however, requires more than a simple recitation of the *Holmes Group* court's application of the well-pleaded complaint rule to counterclaims. This is because the Attorney General's answer contains not just a counterclaim, but a third-party complaint against Abessinio. The Fourth Circuit has not addressed the propriety of removal by a third-party defendant, and those courts that have reached the issue have rested their holdings on procedural rather than jurisdictional grounds. However, this Court fails to find a distinction between a counterclaim and a third-party complaint that would enable a cause of action contained in the latter to create federal question jurisdiction. *See* 6 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 1444 ("When there is no subject-matter jurisdiction over the original action between plaintiff and defendant, it cannot be created by adding a third-party claim over which there is jurisdiction."). To find federal subject matter jurisdiction in such a case would stand the well-pleaded complaint rule on its head, particularly in light of the Supreme Court's recent admonition against "allowing responsive pleadings by the defendant to establish 'arising under' jurisdiction." *Holmes Group, Inc.*, 535 U.S. at 832, 122 S.Ct. 1889. Federal question jurisdiction exists only if the plaintiff's complaint states a federal cause of action; permitting a defendant to create federal subject matter jurisdiction by casting a third-party complaint in terms of a federal

cause of action would impermissibly expand the jurisdiction of the federal courts beyond that conferred by Congress.

■ The removing parties base their opposition to remand on the premise that the Attorney General's claims are subject to complete preemption by federal law.[6] The complete preemption doctrine creates a limited exception to the well-pleaded complaint rule, as defendants in some circumstances are permitted to remove a complaint that purports to state only claims under state law based upon the defense that such claims are completely preempted. *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 8, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003). Neither the Supreme Court nor any other federal court, however, has expanded the complete preemption doctrine to include claims stated for the first time in a responsive pleading filed by a defendant. The doctrine is an exception to the well-pleaded complaint rule only in that it vitiates, in some circumstances, the plaintiff's role as "master of the claim" with the ability to "avoid federal jurisdiction by exclusive reliance on state law." *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). It does not, however, permit a court to view a responsive pleading as giving rise to "arising under" juris-

diction. *See Monmouth–Ocean Collection Serv., Inc. v. Klor,* 46 F.Supp.2d 385, 393 (D.N.J.1999) (holding that where a third-party complaint contains a state law claim subject to complete preemption, "the proper procedure ... would be for the third-party defendant to move to dismiss in state court"). In fact, the *Holmes Group* decision likely precludes such an extension: just as federal courts have exclusive jurisdiction over certain claims,[7] the Federal Circuit has exclusive jurisdiction over appeals from cases that arise under federal patent law. If a patent claim in a responsive pleading cannot permit the Federal Circuit to invoke its exclusive jurisdiction, a completely preempted state-law claim in a responsive should not permit a federal district court to assert its exclusive jurisdiction.

The unique procedural posture of the instant case renders moot some of the most pressing concerns addressed by the well-pleaded complaint rule. For instance, because the plaintiffs have joined in the notice of removal, the Court need not be concerned with displaying an appropriate level of deference to the plaintiff's choice of forum. However, the case lacks not only a jurisdictional basis for removal, but also a procedural basis. As a majority of federal courts to have considered the issue have concluded, a third-party defendant is distinct from "the defendant or defendants" who are permitted to remove cases pursuant to 28 U.S.C. 1441(a). *See, e.g., First Nat'l Bank of Pulaski v. Curry,* 301 F.3d 456, 461–63 (6th Cir.2002) (summariz-

**6.** Because the Court concludes that even if the Attorney General's claims are subject to complete preemption the plaintiffs and the third-party defendant are unable to overcome the jurisdictional and procedural barriers to removal, the Court declines to consider whether those claims actually are subject to complete preemption, and instead merely assumes for the sake of argument that they are.

**7.** Only a handful of federal statutes provide the basis for complete preemption. *See Beneficial Nat'l Bank,* 539 U.S. at 9–11, 123 S.Ct. 2058 (National Bank Act); *Metro Life Ins. Co.,* 481 U.S. at 64–65, 107 S.Ct. 1542 (ERISA); *Avco Corp. v. Machinists,* 390 U.S. 557, 560, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) (LMRA).

ing cases). Courts within the Fourth Circuit have also reached this conclusion. *See Florence v. ABM Indus.*, 226 F.Supp.2d 747, 749 (D.Md.2002) ("[I]n adopting the current language [of the removal statute], Congress intended to restrict removal jurisdiction solely to the defendant to the main claim."); *Galen–Med, Inc. v. Owens*, 41 F.Supp.2d 611, 614 (W.D.Va.1999) ("The majority rule, that third-party defendants are not 'defendants' for purposes of removal under 28 U.S.C. § 1441(a), is the better rule."). Because this Court has an obligation to construe removal statutes strictly against removal, *see Grennell v. W.S. Life Ins. Co.*, 298 F.Supp.2d 390, 394 (S.D.W.Va.2004), it adopts the majority rule and holds that a third-party defendant may not remove a case under § 1441(a).

The removing parties also assert that the Attorney General's claim is "separate and independent" of the claim originally brought by Cross Country and ACS. Relying on *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 136 (5th Cir.1980), the removing parties argue that removal is proper pursuant to 29 U.S.C. § 1441(c), which provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes or action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

In *Carl Heck Engineers*, the plaintiff, a citizen of Louisiana, filed suit against the defendant, also a citizen of Louisiana, in state court alleging breach of contract. The defendant responded by filing a third-party complaint against its insurer, a citizen of Maryland. After the third-party defendant filed a notice of removal and the defendant moved for remand, the district court concluded that removal of the claims were proper, but chose to sever them and remand the original cause of action to state court. On appeal, the Fifth Circuit agreed, noting that the complete diversity between the defendant and the third-party defendant provided an independent basis for subject matter jurisdiction.

*Carl Heck Engineers* has been the subject of nearly universal criticism from other federal courts. *See, e.g., Lewis v. Windsor Door Co.*, 926 F.2d 729, 733 (8th Cir.1991); *Thomas v. Shelton*, 740 F.2d 478 (7th Cir.1984); *Carroll County Gen. Hosp. v. Rosen*, 174 F.Supp.2d 384, 386 (D.Md.2001); *Morris v. Marshall County Bd. of Educ.*, 560 F.Supp. 43, 45 n. 3 (N.D.W.Va.1983). Several district courts within the Fifth Circuit have taken the position, with which this Court agrees, that regardless of the soundness of the decision at the time it was rendered, *Carl Heck Engineers* has been superceded by the 1990 amendment to § 1441(c). *See Nat'l Am. Ins. Co. v. Advantage Contract Servs.*, 200 F.Supp.2d 620, 621 (E.D.La.2002). When *Carl Heck Engineers* was decided, § 1441(c) stated:

> Whenever a separate and independent claim or cause of action, *which would be removable if sued upon alone*, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

*Nat'l Am. Ins. Co.*, 200 F.Supp.2d at 621 (emphasis added). In 1990, the statute was amended and the italicized words were replaced with "within the jurisdiction conferred by section 1331 of this title." As the court in *National American Insurance Company* explained, this amendment necessarily overrules *Carl Heck Engineers* as

it pertains to diversity cases. The new language also precludes the application of *Carl Heck Engineers* to the instant case. As the Court has explained, in light of the "well-pleaded complaint rule" grafted onto § 1331 by the Supreme Court, the claims in the case at bar present no basis for subject matter jurisdiction. Congress is presumed to be aware of existing law when it passes legislation. *See, e.g., Miles v. Apex Marine Corp.,* 498 U.S. 19, 32, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990); *Cannon v. Univ. of Chicago,* 441 U.S. 677, 696–98, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979). Therefore, Congress' explicit incorporation of § 1331 into § 1441(c) is also an implicit incorporation of the well-pleaded complaint rule; accordingly § 1441(c) cannot be read as supplanting the well-pleaded complaint requirement of removal jurisdiction.

The removing parties also attempt to leap the jurisdictional and procedural hurdles to this Court's exercise of removal jurisdiction by invoking the "functional test." This test permits a district court in certain cases to ignore the procedural posture of the case as it existed prior to removal and to determine which party, under federal law, is the plaintiff and which is the defendant. As Justice Holmes explained,

It is quite conceivable that a state enactment might reverse the names which for the purposes of removal this court might think the proper ones to be applied. In condemnation proceedings the words plaintiff and defendant can be used only in an uncommon and liberal sense. The

plaintiff complains of nothing. The defendant denies no past or threatened wrong. Both parties are actors: one to acquire title, the other to get as large pay as he can.

*Mason City & Fort Dodge R.R. v. Boynton,* 204 U.S. 570, 579, 27 S.Ct. 321, 51 L.Ed. 629 (1907). While the Supreme Court has applied its functional test solely in the context of condemnation proceedings, *see id.; Chicago, Rock Island & Pac. R.R. v. Stude,* 346 U.S. 574, 580, 74 S.Ct. 290, 98 L.Ed. 317 (1954), the lower courts have applied it in other contexts. *See, e.g., Gen. Motors Corp. v. Gunn,* 752 F.Supp. 729 (N.D.Miss.1990) (diversity case involving products liability claim); *Magnusson v. Am. Allied Ins. Co.,* 286 F.Supp. 573 (D.Minn.1968) (state receivership proceeding). The removing parties, however, cite no authority for the proposition that the functional test should take primacy over the well-pleaded complaint rule.[8] The only case of which the Court is aware that specifically addresses the interplay between the functional test and the well-pleaded complaint rule is *International Tin Council v. Amalgamet, Inc.,* 645 F.Supp. 879 (S.D.N.Y.1986). In that case, the plaintiff filed suit in state court to stay an arbitration proceeding based on its claim that it was immune from such proceedings under international law (which forms a part of federal common law). The defendant removed, asserting federal jurisdiction based on the "federal question" asserted in the plaintiff's complaint. Upon motion by the plaintiff, the district court

---

**8.** The Court notes in the margin that while the functional test may extend beyond removal in diversity cases, no court has explicitly held that the test provides an exception to the well-pleaded complaint rule. *See Dev. Fin. Corp. v. Alpha Hous. & Health Care,* 54 F.3d 156, 159–60 (3d Cir.1995) (applying test to 28 U.S.C. § 1367(b)); *In re Texas E. Transmission Corp. PCB Contamination Ins. Coverage Litig.,* 15 F.3d 1230, 1240 (3d Cir.1994) (ap-

plying test to 28 U.S.C. §§ 1330 & 1441(d), which provide original and removal jurisdiction over suits against foreign states); *Seminole County v. Pinter Enters.,* 184 F.Supp.2d 1203, 1209 (M.D.Fla.2000) (asserting that test could apply in federal question cases without addressing well-pleaded complaint rule and remanding because realignment was not appropriate given facts of that case).

remanded after "realigning" the parties and concluding that upon realignment, the federal question was only presented as a defense.

The Court believes that *International Tin Council* is unavailing to the removing parties for two reasons. First, the Second Circuit has overturned the decision. *Oppenheimer & Co. v. Neidhardt,* 56 F.3d 352, 355–56 (2d Cir.1995). While the Second Circuit did not directly address the *International Tin Council* court's jurisdictional analysis, it pointed out that the holding was "based on a misreading" of *Mason City. Id.* at 355. Second, the Court believes that the same result could have been achieved in *International Tin Council* without resorting to the functional test; instead, the court could have applied the principles announced in *Mottley* and *Merrell Dow* and held that the plaintiff's complaint merely raised immunity under federal common law as an anticipatory defense, rather than as a part of the plaintiff's coercive claim. Accordingly, this Court holds that the functional test does not create an exception to the well-pleaded complaint rule. Because the complaint filed by Cross Country and ACS does not state a federal cause of action, this Court lacks jurisdiction over the controversy.

## III. Conclusion

Today's decision is consonant with the principles that must guide this Court's analysis of removal statutes. "Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chem. Co.,* 29 F.3d 148, 151 (4th Cir.1994). Were this Court to permit removal based on a third-party complaint or expand the functional test

beyond its fairly limited purposes, the result would be to create federal jurisdiction beyond that contemplated by Congress. Further, the Fourth Circuit has taken "a very direct, juridical approach to jurisdictional disputes." *Burns v. W.S. Life Ins. Co.,* 298 F.Supp.2d 401, 403 (S.D.W.Va. 2004). Permitting broad exceptions to the well-pleaded complaint rule would make murky the substantially clear rules regarding federal question jurisdiction. "Jurisdictional rules direct judicial traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss." *Id.* (quoting *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 425 (4th Cir. 1999)).

Therefore, this Court **GRANTS** the Attorney General's motion to remand (Doc. 8) and **REMANDS** the case to the Circuit Court of Kanawha County. Because the issues and arguments are adequately set forth in the memoranda submitted to the Court, the removing parties' motion for oral argument (Doc. 20) is **DENIED.**[9] All other pending motions are **DENIED AS MOOT.** The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties, and to publish this Order on the Court's website.

---

9. The removing parties have also submitted a "Sur–Reply" (Doc. 21). This Court's local rules do not contemplate the filing of such memoranda, and the removing parties did not file a motion seeking leave to file one. Accordingly, the Court has not considered the document in reaching today's decision.