Mario ESCOBEDO, Plaintiff,

v.

TIME WARNER ENTERTAINMENT ADVANCE NEWHOUSE PARTNERSHIP, et al., Defendants.

No. EP–11–CV–312–DB.

United States District Court, W.D. Texas, El Paso Division.

Sept. 20, 2011.

Justin Sobey, Shannon B. Schmoyer, Christine Elaine Reinhard, Schmoyer Reinhard LLP, San Antonio, TX, for Defendants.

## MEMORANDUM OPINION AND ORDER

DAVID BRIONES, Senior District Judge.

On this day, the Court considered Plaintiff Mario Escobedo's "Motion to Remand, or in the Alternative, for Partial Remand" ("Motion to Remand"), filed in the above-captioned cause on July 29, 2011. On August 12, 2011, Defendants Time Warner Entertainment Advance Newhouse Partnership, *et al.* ("Time Warner") filed a Response, to which Plaintiff replied on August 15, 2011. For the reasons stated below, the Court is of the opinion that the instant Motion should be granted and the case remanded.

## BACKGROUND

Plaintiff commenced this action on June 21, 2011, in the 210th District Court in El Paso County, Texas ("state court"). On or about April 25, 1994, Time Warner hired Plaintiff as a maintenance employee. During sixteen years of service, Plaintiff remained in good standing, received regular pay increases, and was recognized for his performance. In May 2008, Plaintiff become an Installer Technician. Shortly thereafter, Plaintiff sustained an injury in the course and scope of his employment, for which Plaintiff sought worker's compensation benefits. Plaintiff was taken off work and placed on light duty. Time Warner informed Plaintiff that it did not have any light duty work available. Consequently, Plaintiff attempted to return to work with a full release, at which point

Time Warner informed him that his position was no longer available. Plaintiff, who was born in 1946, alleges that he was replaced by younger individuals. Further, Plaintiff attempted to apply for other positions within Time Warner to no avail. Plaintiff's employment was officially terminated on or about June 18, 2010.

In Plaintiff's Original Petition, he alleges age discrimination and worker's compensation retaliation in violation of the Texas Labor Code. Plaintiff alleges that Time Warner's actions were done with malice or reckless disregard to Plaintiff's rights. As such, Plaintiff seeks damages including back and front pay and benefits, compensatory damages in the past and future, mental anguish damages in the past and future, exemplary damages, reasonable and necessary attorney's fees, and pre- and post-judgment interest.

On July 27, 2011, Time Warner filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, asserting that federal jurisdiction is proper because complete diversity exists between Plaintiff and Time Warner. *See* 28 U.S.C.A. § 1332(a) (West 2006). Therein, Time Warner acknowledges in a footnote that Plaintiff's worker's compensation retaliation claim is a non-removable cause of action pursuant to 28 U.S.C. § 1445(c). Nevertheless, Time Warner asserts that the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") has directed district courts to sever non-removable worker's compensation claims from removable employment discrimination claims, remanding

the former and retaining the latter. Therefore, Time Warner asserts that this Court should keep Plaintiff's age discrimination claim but remand his worker's compensation retaliation claim to state court. The instant Motion followed.[1]

## DISCUSSION

Through his Motion, Plaintiff asserts that the instant cause should be remanded to state court because Plaintiff's worker's compensation retaliation claim is non-removable. Further, Plaintiff contends that because removal is based on diversity, severance of the claims and piecemeal remand is inappropriate.[2] In response, Time Warner urges the Court to retain jurisdiction of Plaintiff's age discrimination claim and to sever and remand Plaintiff's worker's compensation retaliation claim. Specifically, Time Warner avers that the Fifth Circuit allows for the removal of state employment discrimination claims that have been joined with otherwise non-removable worker's compensation retaliation claims and that the Fifth Circuit has not distinguished between federal question and diversity jurisdiction in evaluating severance and remand under § 1445(c). The Court considers these arguments below to determine whether to sever and remand Plaintiff's worker's compensation retaliation claim or to remand the entire case to state court.

The Court begins by analyzing the language of title 28, section 1441 of the

---

1. "[A] plaintiff must make a motion to remand based on the wrongful removal of a state worker's compensation claim within thirty days after notice of removal or the plaintiff waives the opportunity to move for remand." *Sherrod v. Am. Airlines, Inc.,* 132 F.3d 1112, 1117 (5th Cir.1998). Here, Time Warner concedes that Plaintiff's Motion to Remand, made within thirty days of Time Warner's removal, was timely.

2. Additionally, Plaintiff claims that Time Warner has not borne its burden of demonstrating that complete diversity of citizenship exists between the Parties. The Court need not reach this issue to resolve the instant Motion and will, therefore, assume for purposes of the instant analysis that diversity is complete.

U.S.C., the general removal statute, which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C.A. § 1441(a) (West 2011). The term "any civil action" generally refers to an entire case and § 1441(a), therefore, applies to the removal of a case as a whole. *See Horn v. Kmart Corp.*, No. 1:06–CV–493, 2007 WL 1138473, at *4 (S.D.Ohio Apr. 16, 2007). This is so, because in construing the meaning of the term "any civil action," the Revision Notes accompanying the 1948 revision of § 1441 specifically state that in place of terms such as "suit," "cause," or "case," "the words 'civil action' [were] substituted in harmony with Rules 2 and 81(c) of the Federal Rules of Civil Procedure." § 1441(a) (Revision Note 1948). For example, Federal Rule of Civil Procedure 2 refers to "a civil action" as the one form of action in federal court. FED. R.CIV.P. 2. Moreover, Federal Rule of Civil Procedure 81(c)—the rule specifically referring to removed actions—states that the Federal Rules "apply to a civil action after it is removed from a state court" and differentiates between civil actions and individual claims by stating that after a civil action is removed, a defendant who did not answer in state court must do so "21 days after receiving . . . a copy of the initial pleading stating *the claim for relief.*" FED. R.CIV.P. 81(c)(2)(A) (emphasis added). Indeed, interpreting the term "any civil action" as distinct from an individual claim is further bolstered by comparing § 1441(a)

to § 1441(c). Whereas § 1441(a) refers to any civil action, § 1441(c) refers to "a separate and independent claim or cause of action." *Compare* § 1441(a) *with* § 1441(c). Thus, the general removal statute pertains to a case as a whole.

As indicated in § 1441(a), however, removal pursuant to the general removal statute may be limited by another express congressional provision. § 1441(a). Title 28, section 1445(c) of the U.S.C. constitutes one such limiting Act of Congress, stating that removal is prohibited when "[a] civil action in any State court aris[es] under the workmen's compensation laws of such State. . . ." 28 U.S.C.A. § 1445(c) (West 2011).[3] Indeed, Plaintiff and Time Warner agree that § 1445(c) constitutes an exception to § 1441(a) insofar as removal of a worker's compensation retaliation claim is prohibited. Thus, because the general removal statute operates on the level of a case as a whole, the Court must determine whether Congress provided some other grant of removal jurisdiction when a case contains a non-removable claim.

■ Title 28, section 1441(c) of the U.S.C. governs the removal of cases in which a separate and independent federal claim is joined with one or more otherwise non-removable claims. § 1441(c). Section 1441(c) provides that

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein or, in its discretion, may remand all matters in which State law predominates.

---

**3.** The Fifth Circuit has previously held that a worker's compensation retaliation claim is non-removable as it is a claim arising under

the State's worker's compensation laws. *Sherrod*, 132 F.3d at 1118.

§ 1441(c) (current version). Although § 1441(c) now only pertains to federal questions, historically, the subsection applied to both federal question and diversity cases:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

§ 1441(c) (Revision 1948) (amended 1990). In 1990, Congress amended § 1441(c) to eliminate reference to claims within diversity jurisdiction because of "the confusion engendered and the limited utility of [§ ] 1441(c) in diversity cases," largely as a result of the "separate and independent claim or cause of action" test. 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & JOAN E. STEINMAN, FEDERAL PRACTICE AND PROCEDURE § 3722.3 (4th ed. 2009). Consequently, the current version of § 1441(c) directs that when a non-removable claim is joined with a federal question claim, the district court may determine all issues—removable and non-removable alike—or sever and remand the state law claims to state court. *See* § 1441(c); *see also* 28 U.S.C.A. § 1331 (West 2011). Indeed, in referring to non-removable claims joined with federal question claims, the Committee on the Judicia-

ry stated that "[t]he amendment would . . . retain the opportunity for removal in the *one* situation in which it seems clearly desirable." H.R.Rep. No. 101–734 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6860, 6869, 1990 WL 200439 (emphasis added). Therefore, the removability and related severance and retention of claims premised on diversity jurisdiction no longer exists when filed in conjunction with an otherwise non-removable claim.[4]

Nevertheless, Time Warner argues that the Fifth Circuit never cited to § 1441(c) in its *Sherrod* opinion, but that *Sherrod* separately stands for the proposition that claims over which the district court may properly exercise jurisdiction are not subject to remand simply because they are joined with a non-removable worker's compensation claim. Time Warner's argument is premised on an expansive and exaggerated reading of *Sherrod*. In *Sherrod*, the Fifth Circuit held that "§ 1445(c) prohibits removal of state worker's compensation claims regardless of whether jurisdiction is based on diversity or federal question." 132 F.3d at 1118. *Sherrod* never addressed whether separate and independent claims pled in addition to a non-removable worker's compensation claim could be severed and removed. Thus, an analysis regarding whether the presence of federal question or diversity jurisdiction impacted such a determination never arose. Rather, the Fifth Circuit merely concluded in one sentence that the district court erred by

---

4. Contrary to Time Warner's contention, another district court within the Fifth Circuit has indeed concluded that § 1441(c) bars the removal of a diversity claim when pled in conjunction with a non-removable worker's compensation claim. *Allsup v. Liberty Mut. Ins. Co.*, 782 F.Supp. 325, 328–29 (N.D.Tex. 1991). In relying on the 1990 amendment to § 1441(c), the United States District Court for the Northern District of Texas held that "when the linchpin for removal is a separate and independent diversity claim," § 1441(c) no longer applies to permit removal of the diversity claim. *Id.* at 327–28. Further, in dicta the court concluded that "the non-removability of the workers' compensation claim doomed [the defendant's] removal action" given the lack of a federal question. *Id.* at 328. *See also Nat'l Am. Ins. Co. v. Advantage Contract Servs. Inc.*, 200 F.Supp.2d 620, 621–22 (E.D.La.2002) (recognizing that § 1441(c) no longer applies to claims premised on diversity jurisdiction).

failing to sever and remand a state worker's compensation claim pled in conjunction with several federal question claims— an entirely permissive outcome based on § 1441(c). As such, Time Warner's interpretation of *Sherrod* goes far beyond what the Fifth Circuit actually held.

Here, Plaintiff raised his worker's compensation retaliation claim and an age discrimination claim brought pursuant to state law in state court. Time Warner asserts that the case is removable as the Court's jurisdiction is based on diversity. Further, Time Warner concedes that Plaintiff's worker's compensation retaliation claim is non-removable pursuant to § 1445(c). Thus, while the case was removable generally pursuant to § 1441(a), its removal is nonetheless prohibited by § 1445(c). Consequently, the Court must determine whether Congress provided another grant of removal jurisdiction within which the instant case falls. The additional grant of removable jurisdiction prescribed by Congress—§ 1441(c)—applies only to those separate and independent federal question claims joined with otherwise non-removable claims. As such, § 1441(c) is inapplicable to the instant case as Plaintiff's diversity claim does not fall within the class of cases governed by

§ 1441(c). Additionally, because § 1441(c) is the removal statute that provides for severance and remand of those non-removable claims, the Court finds that the entire case must be remanded to state court.[5]

## CONCLUSION

In conclusion, because § 1441(a) operates on the level of a case as a whole and Plaintiff's diversity claim is joined with a non-removable worker's compensation claim, Plaintiff's case could only be removed if it fell within another jurisdictional grant. The only removal statute providing for removal of a claim joined with an otherwise non-removable claim— § 1441(c)—only applies to cases containing a federal question claim. As such, Plaintiff's case falls outside of the additional removal grant provided by Congress. Further, because § 1441(c) is inapplicable to the instant case, its authorization for the severance and remand of otherwise non-removable claims equally fails to apply to the instant case. Therefore, the Court is of the opinion that the instant Motion should be granted.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Mario Escobedo's

---

**5.** The Court finds the analysis in *Wilson v. Lowe's Home Ctr., Inc.* persuasive. 401 F.Supp.2d 186 (D.Conn.2005). In that case, plaintiff pleaded both a worker's compensation claim and a state law claim—as in the instant case. *Id.* at 195. Following its analysis, the United States District Court for the District of Connecticut ("District of Connecticut") concluded that § 1441(c) applied only to federal question cases and that, therefore, the action was non-removable. *Id.* Moreover, the District of Connecticut held that cases joining worker's compensation claims with state law claims remained essentially local disputes, and "[i]f joining related state law claims waived the plaintiff's choice-of-forum privilege provided by Congress, plaintiffs would be left with two undesirable alternatives: plead the workers' compensation claim

only, or litigate in two separate forums." *Id.* at 196. Indeed, a number of district courts have made the same findings as in *Wilson* and have followed similar analyses as herein used. *See Burris v. Zale Delaware, Inc.*, No. 09–6099–CV–SJ–FJG, 2009 WL 3762987, at *3 (W.D.Mo. Nov. 10, 2009); *Williams v. CNH America, LLC*, 542 F.Supp.2d 1261, 1266 (M.D.Ala.2008); *Bryant v. Wausau Underwriters Ins. Co.*, No. 06–CV–1002–MEF, 2008 WL 1808325, at *2 (M.D.Ala. Apr. 21, 2008); *Horn v. Kmart Corp.*, No. 1:06–CV–293, 2007 WL 1138473, at *4 (S.D.Ohio Apr. 16, 2007); *Pulley v. Bartlett–Collins Co.*, No. 06–CV–198–TCK–SAJ, 2006 WL 3386909, at *2–3 (N.D.Okla. Nov. 21, 2006); *Husk v. E.I. Du Pont De Nemours & Co.*, 842 F.Supp. 895, 897 (S.D.W.Va.1994).

"Motion to Remand, or in the Alternative, for Partial Remand" is **GRANTED.**

**IT IS FURTHER ORDERED** that the above-captioned cause be **REMANDED** to the 210th District Court in El Paso County, Texas.